## DAVIS v. BERKOVSKY.

### No. 10013.

Court of Civil Appeals of Texas. Galveston.

Oct. 26, 1934.

Rehearing Denied Nov. 22, 1934.

Durell Miller, of Yoakum, for appellant.

C. L. Stavinoha, of Hallettsville, for appellee.

LANE, Justice.

Ignatius Emil Valenta, hereinafter referred to as Valenta, long prior to October 24, 1932, was engaged in business under his name and also under the names of Valenta Bros. and Valenta Bros. Bank.

On the 5th day of September, 1931, one Hranitzky was indebted to one Frank Berkovsky, Sr., his father-in-law, in the sum of $3,000, and to secure payment of same he did, on said date, execute and deliver to said Berkovsky a chattel mortgage upon certain cattle, horses, mules, and upon one automobile, and upon cotton described as "20 bales of cotton," and not otherwise. Such mortgage was, on the day of its execution and delivery, duly filed in the proper records of Lavaca county, Tex.

At some time prior to October 24, 1932, the said E. L. Hranitzky became indebted to Valenta in the sum of $137.86, and he was indebted on said last named date.

On October 24, 1932, Valenta became a bankrupt and one O. R. Davis was duly appointed and was duly qualified as trustee in bankruptcy of the estate of Valenta. Thereafter, on December 29, 1932, O. R. Davis, as such trustee, brought suit in a justice court

upon the indebtedness due by Hranitzky to the estate of Valenta, and on said date sued out a writ of attachment which was levied upon five bales of cotton belonging to Hranitzky, then on a platform belonging to Valenta, the same being a part of the 20 bales mortgaged to Berkovsky, Sr., on the 5th day of September, 1931.

On the 5th day of January, 1933, Frank Berkovsky, Sr., filed his oath and bond, deposing and saying that he claimed the cotton levied upon by virtue of the attachment sued out by trustee Davis by reason of a valid and subsisting mortgage on file in the office of the county clerk of Lavaca county, to wit, his mortgage of date September 5, 1931.

It is thus made to appear that Davis, trustee, is asserting a valid attachment lien on the 5 bales of cotton by the levy thereon of the attachment sued out by him on December 29, 1932, and that Berkovsky is claiming his right to have the proceeds of a sale of the same applied towards the payment of the debt due by Hranitzky to him by reason of the mortgage of date September 5, 1931.

Upon trial in the justice court upon the issues joined, and upon the evidence, the court entered a judgment reciting as follows:

"The court, after hearing the pleadings, the evidence and the argument of counsel is of the opinion and finds that the defendant, Frank Berkovsky, Sr., has failed to establish his right and claim to said property in controversy, and that said property is subject to said attachment lien and levy, and that the sum of $14.14 is the value of the use of said property.

"It is therefore Ordered, Adjudged and Decreed by the Court that said plaintiff, O. R. Davis, Trustee in Bankruptcy, do have and recover of and from the defendant Frank Berkovsky, Sr., and C. M. Hons and Anton Pesek, the sureties on his claim bond, the sum of $174.14, for which let execution issue; defendant excepted, and gave notice of appeal to the County Court.

"J. S. Schrimscher,

"Justice of the Peace, Precinct No. 7, Lavaca County, Texas."

The case was carried by appeal of Berkovsky, Sr., to the county court, where the issues stated were again joined and the evidence heard, and upon trial in the county court the court rendered and caused to be entered a judgment reciting:

"The Court, after hearing the pleadings, the evidence and the argument of counsel, is of the opinion and finds that the defendant, Frank Berkovsky, Sr., has established his right and claim to said property in controversy and that said property is not subject to said attachment lien and levy.

"It is therefore Ordered, Adjudged and Decreed by the Court that the plaintiff, O. R. Davis, Trustee in Bankruptcy, as aforesaid, take nothing by his suit, and that the defendant, Frank Berkovsky, Sr., go hence without day with his costs, for which let execution issue."

From such judgment, O. R. Davis, trustee, has appealed to this court.

The contention of appellant for a reversal of the judgment is that, while it is true that the mortgage in question was executed and duly filed in the office of the county clerk of Lavaca county long prior to his becoming trustee of the estate of the bankrupt Valenta, it was void in so far as it affected cotton mentioned therein, in that the description of such cotton was not sufficient, but wholly insufficient, to identify said cotton; that it was and is void for uncertainty, wherefore the court erred in admitting the mortgage in evidence over the objection of appellant to such admission, and holding and adjudging that Frank Berkovsky, Sr., had established his right and claim to a valid mortgage lien on the property in controversy superior to the attachment lien claimed by trustee Davis.

We are not prepared to sustain appellant's contention. There is evidence, we think, from which the trial judge could have found that Valenta had actual knowledge that the cotton in controversy was in fact covered by the mortgage in question before O. R. Davis became the trustee of his estate.

E. L. Hranitzky, the mortgagor, testified that Valenta knew that he had mortgaged the cotton to Berkovsky, and that Valenta so told Davis. He further testified that he had placed the cotton in controversy on the platform of Valenta with the understanding and promise of mortgagee, Berkovsky, to give him credit for all Berkovsky could get for it; that he agreed to turn over the cotton to Berkovsky upon the promise of Berkovsky that he would sell same for the best price he could get for it, and that he would give him credit for the proceeds of such sale. He also testified that he still had the nine cows, one heifer, one mare mule, two brown mules, one dun mule, and an automobile, described in the mortgage.

Under this undisputed testimony we think the court might have reasonably reached the conclusion that Valenta knew that Hranitzky had mortgaged the cotton in controversy

592

to Berkovsky before Davis became trustee of his estate.

Such being true, ·Valenta owned no interest in the cotton superior to the mortgagee at the time Davis qualified as his trustee, and therefore no such superior interest passed to Davis.

That the description of the cotton actually mortgaged is insufficient to identify it from any other bales of cotton must be conceded. However, this want of sufficient description would not render the mortgage upon the cotton void as between the mortgagor and mortgagee, nor as between the mortgagee and any person having actual notice and knowledge as to what property was actually mortgaged prior to obtaining a subsequent interest therein. It is well settled that even a verbal mortgage is valid as between the mortgagor and mortgagee and all those having actual notice and knowledge of the property actually mortgaged prior to their obtaining any title or interest therein.

The same is true as to mortgages wherein the property actually mortgaged is insufficiently described. So if Valenta, the bankrupt, had actual knowledge or notice that the cotton in question was in fact the cotton mortgaged, he had no interest therein to pass to the trustee of his estate. In such case, if such be a fact, the mortgage was valid as between the mortgagor, mortgagee, and Valenta, and it was a superior lien to the lien attempted to be fixed upon it by the attachment sued out by the trustee, Davis.

The holding which we have attempted to make by what we have said is this: If Valenta had actual notice and knowledge, prior to the time appellant Davis became trustee of his estate, that the cotton in controversy was cotton covered by the mortgage in question, he could not, after obtaining such notice and knowledge, have acquired any lien on such cotton superior to Berkovsky's mortgage lien, by the use of an attachment, and that under such circumstances Davis, as trustee, could acquire no higher right relative to the matter than Valenta had.

For the reasons pointed out, the contention of appellant is overruled, and the judgment is affirmed.

Affirmed.